IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JABIR SADIQ,

      Plaintiff,               No. CIV S-09-1171 LKK EFB P

    vs.

LT. ROBERTS., et al.,

      Defendants.        ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. On February 11, 2010, the court dismissed some of plaintiff's claims with leave to amend. On March 3, 2010, plaintiff filed an amended complaint. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

1

1  The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A
2  screening, finds that plaintiff may proceed on his claims against defendants Roberts, Botkin and
3  Fanning based on the alleged use of excessive force on September 22, 2008.
4  For the reasons stated below, the remaining allegations in the complaint do not state a
5  cognizable claim. These claims will therefore be dismissed with leave to amend.
6  Plaintiff alleges that defendant Ferguson found plaintiff guilty of a rules violation on
7  October 31, 2008, which resulted in a loss of "ninety days good time credits." Dckt. No. 14 at 3.
8  Plaintiff further alleges that defendants Flores and Scavetta upheld Ferguson's finding of guilt.
9  These bare allegations are insufficient to state a cognizable due process claim. As the court has
10 previously informed plaintiff, the Due Process Clause protects prisoners from being deprived of
11 liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); Dckt. No. 11.
12 In a disciplinary proceeding where a liberty interest is at stake, due process requires that
13 minimum procedural requirements be met, including: (1) written notice of the charges; (2) at
14 least 24 hours between the time the prisoner receives written notice and the time of the hearing,
15 so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the
16 evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to
17 call witnesses in his defense, when permitting him to do so would not be unduly hazardous to
18 institutional safety or correctional goals; and (5) legal assistance to the prisoner where the
19 prisoner is illiterate or the issues presented are legally complex. *Wolff*, 418 U.S. at 564-70. As
20 for defendants Flores, Scavetta and Ferguson, plaintiff merely alleges that they found and/or
21 upheld a finding of guilt, which does not, by itself, establish a due process violation.
22 Plaintiff does sufficiently allege a due process claim against defendant Roberts, who
23 allegedly refused to allow plaintiff to call witnesses at his September 22, 2008 Rules Violation
24 Report Hearing, allegedly resulting in a loss of "worktime credits" and preventing  "plaintiff
25 from being paroled at [the] earliest release date." Dckt. No. 14 at 2. This claim is barred,
26 however, as success on this claim would necessarily implicate the validity of the underlying

2

disciplinary proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Assuming plaintiff had alleged cognizable due process claims against Flores, Scavetta and Ferguson, such claims would be barred for the same reasons.

The Supreme Court has held that "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see also Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck*, 512 U.S. 477. Where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing to *Heck*, 512 U.S. 477); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* to a prison disciplinary hearing where good-time credits were affected). Because a loss of credits affects the duration of plaintiff's sentence, plaintiff's claims are barred until plaintiff invalidates the results of those proceedings.

Plaintiff may proceed forthwith to serve Roberts, Botkin and Fanning and pursue his excessive force claim only or he may delay serving any defendant and attempt to show that his prison disciplinary convictions or loss of credits has been invalidated.

If plaintiff elects to attempt to amend his complaint because he can show that the results of his disciplinary proceedings have been invalidated, he has 30 days so to do. He is not obligated to amend his complaint. However, if plaintiff elects to proceed forthwith against Roberts, Botkin and Fanning on his excessive force claim, then within 30 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all remaining claims without prejudice.

////

1   Any amended complaint must adhere to the following requirements:

2   It must be complete in itself without reference to any prior pleading. E.D. Cal. Local
3   Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended
4   complaint, the original pleading is superseded.

5   It must show that the federal court has jurisdiction and that plaintiff's action is brought in
6   the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must
7   contain a request for particular relief. Plaintiff must identify as a defendant only persons who
8   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
9   *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if
10  he does an act, participates in another's act or omits to perform an act he is legally required to do
11  that causes the alleged deprivation).

12  It must contain a caption including the name of the court and the names of all parties.
13  Fed. R. Civ. P. 10(a).

14  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ.
15  P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences,
16  the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join
17  multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims
18  against different defendants must be pursued in multiple lawsuits. "The controlling principle
19  appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as
20  alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple
21  claims against a single party are fine, but Claim A against Defendant 1 should not be joined with
22  unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in
23  different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit
24  produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation
25  Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file
26  without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605,

607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his excessive force claims against Roberts, Botkin and Fanning.

Plaintiff has also requested that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935

5

F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

Accordingly, the court hereby orders that:

1. The allegations in the pleading are sufficient at least to state cognizable excessive force claims against defendants Roberts, Botkin and Fanning. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the amended complaint filed March 3, 2010, three USM-285 forms and instructions for service of process on defendants Roberts, Botkin and Fanning. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and four copies of the March 3, 2010 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Roberts, Botkin and Fanning will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims, as herein identified, without prejudice.

2. With the exception of the excessive force claims against defendants, Roberts, Botkin and Fanning, all remaining claims are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims in accordance with this order. Plaintiff is not obligated to amend his complaint.

3. Plaintiff's March 3, 2010, requests for appointment of counsel is denied.

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: June 30, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JABIR SADIQ,

      Plaintiff,                    No. CIV S-09-1171 LKK EFB P

    vs.

LT. ROBERTS., et al.,

      Defendants.            NOTICE OF SUBMISSION OF DOCUMENTS

_____/

      In accordance with the court's order filed _____, plaintiff hereby elects to:

      (1) _____ consent to the dismissal of claims against Flores, Scavetta and Ferguson, as well as due process claim against Roberts, without prejudice, and submits the following documents:

          __1__      completed summons form

          __3__      completed forms USM-285

          __4__      copies of the March 3, 2010 Amended Complaint

**OR**

      (2) _____ delay serving any defendant and files a second amended complaint in an attempt to state additional cognizable claims against Roberts, Flores, Scavetta and Ferguson.

Dated:

                                                  Plaintiff