IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JABIR SADIQ,

      Plaintiff,                        No. CIV S-09-1171 LKK EFB P

      vs.

LT. ROBERTS, et al.,

      Defendants.                FINDINGS AND RECOMMENDATIONS

                                /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants Botkin, Fanning, and Roberts ("defendants") move to dismiss this action on the ground that plaintiff failed to exhaust available administrative remedies before filing the complaint. Dckt. Nos. 26, 43. As set forth below, the court finds that defendants have not met their burden of proving the absence of exhaustion, and therefore recommends that defendants' motion to dismiss be denied.

**I.    Exhaustion Under The PLRA**

      The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government

1

officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested. The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief. . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Although a motion to dismiss for failure to exhaust administrative remedies prior to filing suit is normally brought under Rule 12(b) of the Federal Rules of Civil Procedure, when ruling on such a motion requires the court to look beyond the pleadings in the context of disputed

issues of fact the court must do so under "a procedure closely analogous to summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003). Because care must be taken not to resolve credibility on paper as it pertains to disputed issues of material fact, the undersigned applies the Rule 56 standards to exhaustion motions that require consideration of materials extrinsic to the complaint. *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

Defendants bear the burden of proving plaintiff's failure to exhaust. *Wyatt*, 315 F.3d at 1119. To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

On August 5, 2010, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies as well as a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988); *Wyatt,* 315 F.3d at 1120, n.14.

**II.     Discussion**

Plaintiff initiated this action with a complaint filed on April 29, 2009, while he was housed at California State Prison, Solano. Dckt. No. 1. On March 3, 2010, plaintiff filed an amended complaint. Dckt. No. 14. This action proceeds on the amended complaint on plaintiff's claims that defendants Roberts, Botkin and Fanning applied excessive force to plaintiff on September 22, 2008. *See* Dckt. No. 14, Dckt. No. 16 at 2, 6.

Defendants argue that plaintiff failed to exhaust administrative remedies prior to filing suit. In support of their motion, defendants submit: 1) the declaration of D. Foston, Chief of the Inmate Appeals Branch for the California Department of Corrections and Rehabilitation ("CDCR") ("Foston Decl."); and 2) the declaration of S. Cervantes, Appeals Coordinator for the Institutional Appeals Office at California State Prison, Solano ("Cervantes Decl."). Foston testifies that he is the Chief of the Inmate Appeals Branch for CDCR and that the Inmate Appeals Branch receives and maintains appeals accepted for director's level review. Foston Decl. ¶¶ 1-2. Foston lists director's level appeals that plaintiff filed while plaintiff was housed at California State Prison, Corcoran.[1] *Id.* ¶¶ 3, 7. Foston makes no representation as to whether the appeals listed in his declaration are the only appeals filed by plaintiff at the director's level on or after September 22, 2008. Cervantes testifies that he is the Appeals Coordinator for the Institutional Appeals Office at California State Prison, Solano. Cervantes Decl. ¶ 1. Cervantes lists appeals that plaintiff filed at lower levels of review while plaintiff was housed at Solano. *Id.* ¶ 4.

Defendants' sparse evidence is insufficient to establish that plaintiff failed to exhaust available administrative remedies prior to filing suit. Defendants do not indicate where plaintiff was housed when, but their evidence suggests that plaintiff was transferred back and forth between Solano and Corcoran during the period of time in which plaintiff was required to exhaust his administrative remedies.[2] Defendants provide no evidence regarding whether plaintiff filed any director's level appeals while housed at Solano, nor do they provide evidence regarding whether plaintiff filed any lower level appeals while housed at Corcoran. Because of

---

[1] Foston also purports to attach copies of two of plaintiff's inmate appeals that the Inmate Appeals Branch accepted for review at the director's level. Foston Decl. ¶ 3. Despite that representation, there are no attachments to the Foston Declaration.

[2] Defendants' evidence implies that plaintiff was confined to Solano as of November 12, 2008, and was confined to Corcoran as of January 15, 2009. *See* Cervantes Decl., Ex. A; Foston Decl. ¶ 7. The case file reflects that plaintiff was again confined to Solano as of April 27, 2009. Dckt. No. 1 at 1, 7, 8.

4

these omissions, it appears that defendants have not provided the court with a complete history of plaintiff's inmate appeals during the relevant period of time. On this record, the court cannot find that defendants have met their burden of proving the absence of exhaustion. *See Wyatt*, 315 F.3d at 1120 ("We cannot tell from the record whether that document is a complete record of Wyatt's Director's Level appeals. Nor does the record establish that the one appeal shown on the document relates to a subject other than the prison grooming regulations challenged here. Defendants have failed to meet their burden of establishing that Wyatt did not exhaust administrative remedies.").

### III.    Conclusion

In accordance with the above, IT IS HEREBY RECOMMENDED that defendants' October 27, 2010 unenumerated Rule 12(b) motion to dismiss for failure to exhaust administrative remedies be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 30, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE