IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JABIR SADIQ,

      Plaintiff,               No. CIV S-09-1171 LKK EFB P

     vs.

LT. ROBERTS, et al.,

      Defendants.         <u>ORDER</u>

                           /

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On October 20, 2011, the court ordered defendant Roberts to reimburse the United States Marshals Service ("USM") for personal service of process under Rule 4(d)(2) of the Federal Rules of Civil Procedure ("Rule") because he failed to waive service, unless he filed a written statement showing good cause for his failure to waive service. Dckt. No. 37. On October 28, 2011, defendant filed a written statement requesting that he be excused from reimbursing the USM. Dckt. No. 52.

     Rule 4(d)(1) imposes a duty on defendants "to avoid unnecessary expense of serving the summons." Rule 4(d)(2) requires that the court tax costs of service of process on any defendant who fails to show good cause for failing to sign and return a timely waiver of service.

////

Defendant asks to be excused from reimbursing the USM on the grounds that 1) his waiver was not returned because of a clerical oversight by staff of the California Attorney General's Office and 2) the costs of personal service could have been avoided if the USM first made a phone call to inquire about the status of Roberts' waiver before sending two deputies on a 440-mile roundtrip to effect personal service.  Alternatively, defendant requests that the reimbursement sought – $1084 – be reduced, because there was no obvious need for the USM to send two deputies, rather than one, to effect personal service.

Although it appears that Roberts' failure to return the waiver was the result of a clerical oversight beyond his control, this does not support a finding of good cause.  *See* Advisory Notes to 1993 Amendments, Rule 4 (a finding of "sufficient cause should be rare").  Moreover, Roberts indicates that the California Attorney General's Office received his signed waiver on March 11, 2011, and that he was not personally served until June 15, 2011. Dckt. No. 52 at 2.  The court will not deny the USM reimbursement on the grounds it should have inquired about Roberts' waiver before resorting to personal service.  When months went by without the USM filing Roberts' signed waiver with the court, as required, Roberts just as easily could have avoided the costs of personal service if he had followed up with USM to confirm that his waiver had been received.

However, there was no apparent need to send two deputies to effect service on Roberts. Accordingly, the court will reduce the requested $880 service fee by half, to $440.  Combined with the $204 in mileage charges, the USM is entitled to $644 pursuant to Rule 4(d)(2).

Accordingly, the court hereby ORDERS that:

1. Within 14 days from the date of service of this order, defendant Roberts shall pay to the United States Marshal the sum of $644.

////

////

////

1     2. The Clerk of the Court shall serve a copy of this order on the U.S. Marshal.

2 DATED: February 27, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3